Janella T. Gholian
janella.gholian@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Kristin J. Achterhof *(pro hac vice to be filed)*
kristin.achterhof@katten.com
Jeffrey A. Wakolbinger *(pro hac vice to be filed)*
jeff.wakolbinger@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone: 312.902-5200

Deepro R. Mukerjee *(pro hac vice to be filed)*
deepro.mukerjee@katten.com
Lance A. Soderstrom *(pro hac vice to be filed)*
lance.soderstrom@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Ave.
New York, NY 10022
Telephone: 212.940.8800

Attorneys for Plaintiff
BOLD LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| BOLD LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET RESUME, INC., and STEPHEN ZIMMERMAN,<br><br>Defendants. | Case No. 5:22-cv-1045<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT & VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17200**<br><br>Demand for Jury Trial |

Plaintiff Bold Limited ("Bold" or "Plaintiff") hereby makes the following complaint against Defendants Rocket Resume, Inc., and Stephen Zimmerman (together, "Defendants"):

**Nature of Dispute**

1. This is an action for copyright infringement and unfair competition based on Rocket Resume and Stephen Zimmerman's flagrant (and wholesale) copying of original works authored by Bold and used in connection with Bold's "MyPerfectResume" website and resume-writing service. By way of background, Bold is one of the most successful companies in the employment space, bringing together job seekers and employers through its innovative websites and proprietary business methods. As part of that mission, Bold has invested significant time and millions of dollars to build a database of original written material that users of its services can filter and incorporate into resumes and cover letters. As part of its robust intellectual property portfolio, Bold owns U.S. Copyright registrations for this database and updates made thereto. Yet Defendants have unlawfully copied these works and then set about to build their own website to compete directly with Bold's "MyPerfectResume." Bold is left with no choice but to bring this action, which seeks an injunction of the infringing activity and an award of monetary damages following numerous failed attempts at getting Defendants to respect Bold's intellectual property and cease their unlawful conduct. Every one of Bold's overtures have unfortunately been met with casual disregard, necessitating this filing.

**Jurisdiction and Venue**

2. This is a civil action involving claims for damages and injunctive relief for copyright infringement under U.S. copyright law, 17 U.S.C. § 101 *et seq.*

3. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1338(a).

4. This Court has personal jurisdiction over Defendants, both of whom reside and do business in California.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b).

**Parties**

6. Plaintiff Bold Limited is a limited liability company organized under the laws of Bermuda with an address at H.P. House, 21 Laffan St., Hamilton, HM09, Bermuda.

7. Defendant Rocket Resume, Inc. ("Rocket Resume") is a corporation organized under the laws of Delaware with a registered business address at a Post Net location in San Jose: 6469 Almaden Expy., Ste. 80, #560, San Jose, CA 95120.

8. On information and belief, Defendant Stephen Zimmerman ("Zimmerman") is the CEO and founder of Rocket Resume and resides in California.

9. On information and belief Zimmerman has personally directed and participated in the unlawful acts alleged herein.

**Bold and the "MyPerfectResume" Website and Services**

10. Bold designed, authored, owns and operates "MyPerfectResume" (MPR), an online service available at www.myperfectresume.com, that has helped millions of people guide their careers, including creating resumes and cover letters, navigating their job searches, and providing interview and career guidance.

11. Since 2013, MPR has helped millions of people worldwide (including nearly two million individuals in the State of California, alone). In fact, to date, Bold has helped prepare over 43 million resumes for job seekers.

12. MPR is well recognized for its proprietary content and has a stellar rating on Trustpilot, based on nearly 6,000 consumer reviews. It has been frequently mentioned in such publications as *Time*, *The New York Times*, and *Forbes*.

13. Consumers who are interested in the MPR services can sign up for an account at http://www.MyPerfectResume.com, the domain name address for the website operated by Bold.

14. The interactive resume-building and cover-letter services on the MPR website allow users to select a job title and then be presented with a filtered list of

suggested job descriptions, culled from thousands of such narratives created by recruiters and experienced writers at significant expense to Bold.

15. Bold organizes its original job descriptions in a database, with which the MPR website interacts based on user input. Bold refers to this database as its Text Tuner Content ("TTC"). It registered the 2018 version of its TTC with the U.S. Copyright Office (TX0008919525), and it has registered annual updates to the TTC for 2019 (TX0008919529) and 2020 (TX0008919521).

16. For its significant efforts, Bold obtained U.S. Copyright Registration TX0008436147 for the MPR website.

## Defendants' Unlawful Conduct

17. In 2021, Bold discovered a site that was nearly *identical* to its MPR website: rocket-resume.com (the "Rocket Resume Website"). As compared to the MPR website, the Rocket Resume Website had a very similar look, color scheme, and design. Notably, it even incorporated an identical flow of steps for resume creation. As if that were not enough, the Rocket Resume Website also published an identical pricing model to that which Bold had labored in effectuating.

18. None of this was coincidence. Instead, upon information and belief, Defendants willfully studied Bold's copyrighted material and copied the content.

19. To make matters worse, the Rocket Resume Website also incorporated a substantial number (perhaps all) of the original job-task descriptions from the MPR website.

20. Vigilant in policing its intellectual property, on May 19, 2021, Bold sent a letter to Zimmerman, identifying the evidence of copying Bold had uncovered with regard to the Rocket Resume Website, and demanded that Defendants immediately discontinue all copying and use of information from the MPR website.

21. On June 4, 2021, counsel for Rocket Resume responded to Bold's letter. Among other things, Rocket Resume's counsel represented that the examples of

copied material Bold had sent with its May 19 letter were no longer active on the Rocket Resume Website.

22. However, in a letter to Rocket Resume's outside counsel dated November 16, 2021, Bold's outside counsel noted that although Rocket Resume apparently had removed certain offending content identified in the May 19 letter (likely, upon information and belief, in response to that letter), the Rocket Resume Website still contained uncontroverted evidence that MPR text was copied and reproduced.

23. Among other things, Bold discovered remaining instances of wholesale copying. Among the many copied narrative descriptions that appeared on the Rocket Resume Website were nonsensical narratives for made-up job descriptions that Bold intentionally included in its TTC for purposes of proof in the event that Bold's TTC database were copied. These included narratives organized under the job titles, "Kylianer," "Ball Installer," "Folder Magician," and "Rope Trainer." The appearance of such nonsensical content on the Rocket Resume Website establishes wholesale copying of Bold's TTC database. After all, if Defendants did not willfully copy, there is no explanation how the nonsensical content deliberately included by Bold was also copied.

24. Bold's outside counsel sent another letter dated December 17, 2021, again notifying Defendants of Bold's concerns and demanding that they immediately and permanently cease and desist from all use of unlawful copies of Bold's works. Defendants failed to provide the requested assurances and refused to cease their infringing activity. Defendants' willful indifference towards the fact that Bold's works are protected by U.S. copyright laws, coupled with their overt disregard for fair business practices, has necessitated the filing of this action.

## FIRST CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*)

25. Plaintiff incorporates the allegations in paragraphs 1–24 as if fully stated herein.

26. Plaintiff is the sole owner of valid copyrights in the TTC as alleged herein.

27. Plaintiff is the sole owner of registrations for the TTC works as alleged herein.

28. Defendants have, without authorization, copied Plaintiff's TTC in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

29. Defendants have, without authorization, created derivative works of Plaintiff's TTC and/or publicly displayed Plaintiff's TTC on the Rocket Resume Website in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

30. Defendants' actions alleged herein constitute copyright infringement.

31. Defendants' conduct was intentional and willful and undertaken with a conscious disregard of Plaintiff's rights. Plaintiff is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504, as well as attorneys' fees and costs pursuant to 17 U.S.C. § 505.

32. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Bold is entitled to preliminary and permanent injunctions prohibiting further infringements of its copyrights.

## SECOND CAUSE OF ACTION:
## VIOLATION OF CAL. BUS. & PROF. CODE § 17200

33. Plaintiff incorporates the allegations in paragraphs 1–32 as if fully stated herein.

34. The foregoing acts and conduct of Defendants constitute misappropriation, conversion, and invasion of Bold's property rights in and to its website content and design, including the TTC, and such acts constitute unfair competition under California Business and Professions Code § 17200 and under common law.

35. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to recover all proceeds and other compensation received by Defendants arising from their unlawful misappropriation of Plaintiff's website content.

36. As a direct and proximate result of Defendants' unfair competition, Plaintiff has been damaged and Defendants have been unjustly enriched, in an amount that shall be proved at trial for which damages, restitution, and/or disgorgement is appropriate.

37. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions prohibiting use of Plaintiff's misappropriated content and further misappropriation of its content.

38. Defendants are guilty of oppression, fraud, and/or malice, and Plaintiff is therefore entitled to recover, in addition to actual damages, exemplary and punitive damages from Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief against Defendants, jointly and severally:

1. For maximum statutory damages in the amount of $150,000 per copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c), or in the alternative, for an award of Defendants' profits gained since their first act of infringement and for compensatory damages;

    2.    For an accounting and restitution of Defendants' unlawful proceeds gained as a result of unlawfully taking Bold's TTC and other work, and damages according to proof;

    3.    For punitive and exemplary damages;

    4.    A temporary and final injunction to prevent or restrain further infringements and misappropriations;

    5.    For prejudgment interest;

    6.    For Plaintiff's costs;

    7.    For Plaintiff's reasonable attorneys' fees; and

    8.    For such other and further relief as the Court may deem just and proper.

Dated: February 18, 2022

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/       *Janella Gholian*
Attorneys for Plaintiff
BOLD LIMITED

7
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION