LATHAM & WATKINS LLP
 Tara D. Elliott (*pro hac vice*)
  tara.elliott@lw.com
 Sarang V. Damle (*pro hac vice*)
  sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

 Brittany N. Lovejoy (Bar No. 286813)
  brittany.lovejoy@lw.com
 Ivana Dukanovic (Bar No. 312937)
  ivana.dukanovic@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Plaintiffs Bold Limited and BOLD LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BOLD LIMITED and BOLD LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>ROCKET RESUME, INC., and STEPHEN ZIMMERMAN,<br><br>    Defendants. | Case No. 5:22-cv-1045-BLF<br><br>**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17200, AND BREACH OF CONTRACT**<br><br>DEMAND FOR JURY TRIAL<br><br>Hon. Beth Labson Freeman |

Plaintiffs Bold Limited and BOLD LLC (collectively "Bold" or "Plaintiffs") hereby bring this Amended Complaint against Defendants Rocket Resume, Inc., and Stephen Zimmerman (together, "Defendants"):

## Nature of Dispute

1. This is an action for copyright infringement, unfair competition, and breach of contract based on Rocket Resume, Inc. ("Rocket Resume") and Stephen Zimmerman's flagrant (and wholesale) copying of original works authored by Bold and used in connection with Bold's "MyPerfectResume" website and resume-writing service, and use of automated data mining techniques to collect the information and resources contained on the website. By way of background, Bold is one of the most successful companies in the employment space, bringing together job seekers and employers through its innovative websites and proprietary business methods. As part of that mission, Bold has invested significant time and millions of dollars to build a database of original written material that users of its services can filter and incorporate into resumes and cover letters. As part of its robust intellectual property portfolio, plaintiff Bold Limited owns U.S. Copyright registrations for this database and updates made thereto. Yet Defendants have unlawfully copied these works and then set about to build their own website to compete directly with Bold's "MyPerfectResume." Defendants have also breached the Terms of Use for MyPerfectResume, which govern access to the MyPerfectResume website and prohibit use of any automated data mining techniques to collect information on the website. Bold is left with no choice but to bring this action, which seeks an injunction of the infringing activity and an award of monetary damages following numerous failed attempts at getting Defendants to respect Bold's intellectual property and cease their unlawful conduct. Every one of Bold's overtures have unfortunately been met with casual disregard, necessitating this filing.

## Jurisdiction and Venue

2. This is a civil action involving claims for damages and injunctive relief for copyright infringement under U.S. copyright law, 17 U.S.C. § 101 *et seq*.

3. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1338(a) because this dispute concerns the rights of parties under the Copyright

Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over state law claims, as those claims are closely related to the federal claims brought in this action as to form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants, both of whom reside and do business in California.

5. Venue is proper in the district pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Parties**

6. Plaintiff Bold Limited is a limited liability company organized under the laws of Bermuda with an address at H.P. House, 21 Laffan St., Hamilton, HM09, Bermuda.

7. Plaintiff BOLD LLC is a limited liability corporation organized the laws of Puerto Rico with an address at City View Plaza II, 48 Calle 165, Suite 6000, Guaynabo, PR 00968.

8. Defendant Rocket Resume is a corporation organized under the laws of Delaware with a registered business address at a Post Net location in San Jose: 6469 Almaden Expy., Ste. 80, #560, San Jose, CA 95120.

9. On information and belief, Defendant Stephen Zimmerman ("Zimmerman") is the CEO and founder of Rocket Resume and resides in California.

10. On information and belief Zimmerman has personally directed and participated in the unlawful acts alleged herein.

**Bold and the "MyPerfectResume" Website and Services**

11. Bold designed, authored, owns and operates "MyPerfectResume" ("MPR"), an online service available at www.myperfectresume.com, that has helped millions of people guide their careers, including creating resumes and cover letters, navigating their job searches, and providing interview and career guidance.

12. Since 2013, MPR has helped millions of people worldwide (including nearly two million individuals in the State of California, alone). In fact, to date, Bold has helped prepare over 43 million resumes for job seekers.

13. MPR is well recognized for its proprietary content and has a stellar rating on Trustpilot, based on nearly 6,000 consumer reviews. It has been frequently mentioned in such publications as *Time, The New York Times,* and *Forbes.*

14. Consumers who are interested in the MPR services can sign up for an account at http://www.MyPerfectResume.com, the domain name address for the website operated by Bold.

15. In order to access and use the services available at http://www.MyPerfectResume.com, each end user must agree to Terms of Use located at http://www.MyPerfectResume.com/terms-conditions ("MPR Terms of Use"). Under the MPR Terms of Use, end users of the MPR website agree not to, among other things, use any automated software or devices, or any data mining techniques to collect content within the MPR website. End users also agree to certain restrictions on the uses of such content, including sharing it with any other individual or entity unless reasonably necessary for its intended purpose. These provisions have appeared in the MPR Terms of Use since December 1, 2019.[1] In exchange for agreeing to the MPR Terms of Use, Bold provides use of and access to the MPR website. The MPR Website is owned and operated by BOLD LLC, Bold Limited's parent company

16. The interactive resume-building and cover-letter services on the MPR website allow users to select a job title and then be presented with a filtered list of suggested job descriptions, culled from thousands of such narratives created by recruiters and experienced writers at significant expense to Bold.

17. Bold organizes its original job descriptions in a database, with which the MPR website interacts based on user input. Bold refers to this database as its Text Tuner Content ("TTC"). It registered the 2018 version of its TTC with the U.S. Copyright Office (TX0008919525), and it has registered annual updates to the TTC for 2019 (TX0008919529) and 2020 (TX0008919521).

18. For its significant efforts, Bold obtained U.S. Copyright Registration TX0008436147 for the MPR website.

---

[1] Attached as Exhibit A are the MPR Terms of Use as they appeared August 14, 2020 and last updated on December 1, 2019. Attached as Exhibit B are the MPR Terms of Use as they appeared as of filing and last updated on October 12, 2022.

19. The copyrighted job descriptions from Bold's TTC database can only be accessed legitimately through the MPR website *one job title at a time* after completing a multistep process. End users must first navigate through the MPR website and access the resume builder tool. This takes users to a landing page that contains a "Create My Resume" button. Directly underneath the button reads: "By clicking Create My Resume, you agree to our Terms of Use and Privacy Policy" linking to the MPR Terms of Use shown underlined in blue font.



20. After clicking this button, and thus agreeing to the MPR Terms of Use, users then complete many steps on separate landing pages to: enter their amount of work experience, select a resume template, indicate whether they will create a new resume or upload an existing one, and list their personal and contact information to include as a heading for the resume.

//

//

//

//

//

//

//



//

//

//

//

//

//



21. Once they have completed these steps, users get to another landing page for their prior work history. On this page, users enter the beginning of a job title into a blank form, which then auto-populates with the jobs from Bold's TTC database. The user must also provide an employer, city, state, and start and end dates associated with the position.



22.     Then, only after completing all of these steps and entering all of the required information, the MPR website returns recommended job descriptions sourced from Bold's TTC database for the single entered job title *only*.



23.     If users want to access descriptions or narratives for additional jobs, they must click "Add another position" then enter the new job title and all of the corresponding information (employer, city, state, and start and end dates).



**Defendants' Unlawful Conduct**

24.     In early 2020, Bold discovered a site that was nearly *identical* to its MPR website: rocket-resume.com (the "Rocket Resume Website"). As compared to the MPR website, the Rocket Resume Website had a very similar look, color scheme, and design. Notably, it even incorporated an identical flow of steps for resume creation.  As if that were not enough, the Rocket Resume Website also published an identical pricing model to that which Bold had labored in effectuating.

25.     None of this was coincidence. Instead, upon information and belief, Defendants willfully studied Bold's copyrighted material and copied the content.

26.     To make matters worse, the Rocket Resume Website also incorporated a substantial number (perhaps all) of the original job-task descriptions from the MPR  website.

27.     As just a few examples, the recommended job descriptions for Accountant, Housekeeper, Barista, HVAC Technician, and Web Designer on the Rocket Resume Website copy nearly verbatim the descriptions from Bold's TTC as they appear on the MPR website.  Vigilant in policing its intellectual property, on May 19, 2021, Bold sent a letter to Zimmerman, identifying the evidence of copying Bold had uncovered with regard to the Rocket Resume Website, and demanded that Defendants immediately discontinue all copying and use of information from the MPR website.

28. On June 4, 2021, counsel for Rocket Resume responded to Bold's letter. Among other things, Rocket Resume's counsel represented that the examples of copied material Bold had sent with its May 19 letter were no longer active on the Rocket Resume Website.

29. However, in a letter to Rocket Resume's outside counsel dated November 16, 2021, Bold's outside counsel noted that although Rocket Resume apparently had removed certain offending content identified in the May 19 letter (likely, upon information and belief, in response to that letter), the Rocket Resume Website still contained uncontroverted evidence that MPR text was copied and reproduced.

30. Among other things, Bold discovered remaining instances of wholesale copying. Among the many copied narrative descriptions that appeared on the Rocket Resume Website were the nonsensical narratives for made-up job descriptions that Bold intentionally included in its TTC for purposes of proof in the event that Bold's TTC database were copied. These included narratives organized under the job titles, "Kylianer," "Ball Installer," "Folder Magician," and "Rope Trainer." The appearance of such nonsensical content on the Rocket Resume Website establishes wholesale copying of Bold's TTC database. After all, if Defendants did not willfully copy, there is no explanation how the nonsensical content deliberately included by Bold was also copied.

31. Further, the existence of the nonsensical content on the Rocket Resume website, along with the significant amount of jobs and job descriptions from Bold's TTC, indicates that Defendants used automated means to steal information from the MPR website, as collecting this information *en masse* is not feasible by legitimate manual means.

32. Bold's outside counsel sent another letter dated December 17, 2021, again notifying Defendants of Bold's concerns and demanding that they immediately and permanently cease and desist from all use of unlawful copies of Bold's works. Defendants failed to provide the requested assurances and refused to cease their infringing activity. Defendants' willful indifference towards the fact that Bold's works are protected by U.S. copyright laws, coupled with their overt disregard for fair business practices, has necessitated the filing of this action.

//

//

## FIRST CAUSE OF ACTION:

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*)

33. Plaintiffs incorporate the allegations in paragraphs 1-32 as if fully stated herein.

34. Plaintiff Bold Limited is the sole owner of valid copyrights in the TTC as alleged herein.

35. Plaintiff Bold Limited is the sole owner of registrations for the TTC works as alleged herein.

36. Defendants have, without authorization, copied Plaintiff Bold Limited's TTC in violation of Plaintiff Bold Limited's exclusive rights under 17 U.S.C. § 106.

37. Defendants have, without authorization, created derivative works of Plaintiff Bold Limited's TTC and/or publicly displayed Plaintiff Bold Limited's TTC on the Rocket Resume Website in violation of its exclusive rights under 17 U.S.C. § 106.

38. Defendants' actions alleged herein constitute copyright infringement.

39. Defendants' conduct was intentional and willful and undertaken with a conscious disregard of Plaintiff Bold Limited's rights. Plaintiff Bold Limited is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504, as well as attorneys' fees and costs pursuant to 17 U.S.C. § 505.

40. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff Bold Limited great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff Bold Limited has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Bold is entitled to preliminary and permanent injunctions prohibiting further infringements of its copyrights.

## SECOND CAUSE OF ACTION:

## VIOLATION OF CAL. BUS. & PROF. CODE § 17200

41. Plaintiffs incorporate the allegations in paragraphs 1-40 as if fully stated herein.

42. The foregoing acts and conduct of Defendants constitute misappropriation, conversion, and invasion of Bold's property rights in and to its website content and design,

including the TTC, and such acts constitute unfair competition under California Business and Professions Code § 17200 and under common law.

43. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to recover all proceeds and other compensation received by Defendants arising from their unlawful misappropriation of Plaintiffs' website content.

44. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have been damaged and Defendants have been unjustly enriched, in an amount that shall be proved at trial for which damages, restitution, and/or disgorgement is appropriate.

45. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctions prohibiting use of Plaintiffs' misappropriated content and further misappropriation of its content.

46. Defendants are guilty of oppression, fraud, and/or malice, and Plaintiffs are therefore entitled to recover, in addition to actual damages, exemplary and punitive damages from Defendants.

## THIRD CAUSE OF ACTION:
## BREACH OF CONTRACT

47. Plaintiffs incorporate the allegations in paragraphs 1-46 as if fully stated herein.

48. Upon information and belief, Defendants accessed and used the MPR website.

49. Upon information and belief, Defendants agreed to the MPR Terms of Use both by affirmatively clicking the "Create My Resume" button to access the MPR resume builder tool and by accessing and using the MPR website generally.

50. Plaintiff BOLD LLC has performed its obligations under the MPR Terms of Use by providing access and use of the MPR website to Defendants.

51. In exchange for being bound by the MPR Terms of Use, Defendants were provided access to and use of MPR website and related services by BOLD LLC. This exchange constitutes valid consideration by both contracting parties.

52. The MPR Terms of Use constitute a valid and binding legal contract between Plaintiff BOLD LLC and Defendants.

53. Upon information and belief, Defendants have used automated software or devices, such as spiders, robots or data mining techniques such as scraping, spidering, crawling or other techniques, to download, store, distribute or otherwise reproduce content within the MPR website and the MPR website itself.

54. Upon information and belief, Defendants have shared content from the MPR website with other individuals and entities for purposes other than reasonably necessary for the content's intended use.

55. Through this conduct, Defendants materially breached the MPR Terms of Use.

56. Defendants' breaches of the MPR Terms of Use have been willful and systematic.

57. Defendants' breaches, including their ongoing operation of the Rocket Resume Website, caused and are causing Plaintiff BOLD LLC irreparable harm and will continue to cause irreparable harm unless and until Defendants' conduct is enjoined by the Court. Plaintiff BOLD LLC's immediate, irreparable injuries have no adequate remedy at law, and Plaintiff is entitled to injunctive relief.

58. As a result of Defendants' breaches of the MPR Terms & Conditions, Plaintiff BOLD LLC has also suffered monetary damages and will continue to be damaged through such breaches.  Plaintiff BOLD LLC is entitled to the recovery of such damages in an amount to be established at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for the following relief against Defendants, jointly and severally:

1. For maximum statutory damages in the amount of $150,000 per copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c), or in the alternative, for an award of Defendants' profits gained since their first act of infringement and for compensatory damages;

2. For an accounting and restitution of Defendants' unlawful proceeds gained as a

result of unlawfully taking Bold's TTC and other work, and damages according to proof;

    3.    For compensatory damages as a result of Defendants' breach of contract;

    4.    For punitive and exemplary damages;

    5.    A temporary and final injunction to prevent or restrain further infringements, misappropriations, and breaches;

    6.    For prejudgment interest;

    7.    For Plaintiffs' costs;

    8.    For Plaintiffs' reasonable attorneys' fees; and

    9.    For such other and further relief as the Court may deem just and proper.

Dated: December 20, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s Tara D. Elliott
Tara D. Elliott (*pro hac vice*)
tara.elliott@lw.com
Sarang V. Damle (*pro hac vice*)
sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

Brittany N. Lovejoy (Bar No. 286813)
brittany.lovejoy@lw.com
Ivana Dukanovic (Bar No. 312937)
ivana.dukanovic@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Plaintiffs Bold Limited and BOLD LLC*