UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOLD LIMITED, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ROCKET RESUME, INC., et al.,<br><br>   Defendants. | Case No.  22-cv-01045-BLF<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED ANSWER**<br><br>[Re: ECF No. 98] |

Before the Court is Defendants' motion for leave to file an amended answer out of time to Plaintiffs' First Amended Complaint. ECF No. 98. Plaintiffs oppose the motion. ECF No. 105. After careful consideration, the Court GRANTS Defendants' motion for leave to file an amended answer.

I. **LEGAL STANDARD**

The parties first dispute whether Federal Rule of Civil Procedure 6 or 16 governs the Court's decision. It is well established that a party seeking to amend a pleading past the deadline set by a scheduling order must satisfy Rule 16's "good cause" standard. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992) (noting that a motion for leave to amend a pleading outside of the deadlines set by the court's scheduling order are governed by Rule 16(b)); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal

amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

## II. DISCUSSION

Defendants argue that they should be granted leave to amend their answer because under the Rule 6 standard, Plaintiffs are not prejudiced by the amendments; Defendants' request comes only a month after the deadline; the amendments seek only to correct previous admissions, add bolstering facts, and provide notice of additional affirmative defenses; and Defendants have proceeded in good faith. ECF No. 98 at 3–5. Plaintiffs argue that Defendants have not been diligent because Defendants were aware of facts underlying the amendments for months prior to the filing of the present motion and Plaintiffs would be prejudiced because they will be unable to seek discovery on the new affirmative defenses before the document production deadline. ECF No. 105 at 4–5.

The Court finds good cause to grant leave for Defendants to file an amended answer. Defendants have been reasonably diligent in seeking the proposed amendments because the amendments are based on facts that Defendants discovered after July 6, 2023. ECF No. 98-1 ¶¶ 2, 4. Defendants sought a stipulation from Plaintiffs to file an amended answer on July 27, 2023. On August 1, 2023, the day that Plaintiffs denied Defendants' request, Defendants filed the present motion. *Id.* at ¶ 7. Contrary to Plaintiffs' argument, Defendants' amendments do not appear to be based only on Bold's registered TTC, so the Court does not find that the facts underlying Defendants' amendments were known for months. Moreover, the Court notes that Plaintiffs are unlikely to be prejudiced given that almost two months remain before the close of fact discovery, six months remain until the deadline for dispositive motions, and over a year remains before trial. If Plaintiffs are unable to complete fact discovery regarding the newly added defenses, they may request a reasonable extension of time. The Court presumes that Defendant

will not unreasonably withhold consent.

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants motion for leave to file an amended answer out of time, ECF No. 98, is GRANTED.  The hearing on this motion on January 25, 2024, at 9:00 a.m. is VACATED.

Dated:  August 24, 2023

_____
BETH LABSON FREEMAN
United States District Judge

3