1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

BOLD LIMITED, et al.,

Plaintiffs,

v.

ROCKET RESUME, INC., et al.,

Defendants.

Case No. 22-cv-01045-BLF (SVK)

**ORDER RE PROTECTIVE ORDER**

Re: Dkt. No. 114

12

13

14

15

16

17

18

19

Before the Court is the Parties' Joint Submission pursuant to which Plaintiff Bold Limited ("Bold") seeks a protective order as to the location of depositions for three of its company-affiliated witnesses:  Mr. Ortiz and Ms. Matthews (both of whom were designated as 30(b)6 witnesses by Plaintiffs);  and Ms. Vanderham (noticed by Defendants).  Dkt. 114.  Defendants Rocket Resume, Inc. and Stephen Zimmerman (collectively, "Rocket") noticed all three depositions in San Francisco and oppose Bold's request.  The Court has reviewed the relevant pleadings, the Joint Submission and relevant law and resolves this dispute without oral argument. L.R. 7-1(b).

20

21

22

23

24

25

26

27

28

The Parties dispute the timing of deposition notices, both formal and informal, and the impact on their respective obligations as to these depositions.  However, at bottom, are two undisputed facts.  The first is that discovery closes in ten days.  Consequently, these depositions need to happen in the very near term, even allowing for a short, stipulated extension between the Parties.  The second is better described as an undisputed group of facts, namely the showings of good cause as to each witness which limit their travel capabilities in the near term.  Bold demonstrates that travel to San Francisco in the coming weeks would be a hardship as to each witness for different reasons (Mr. Ortiz, business commitments;  Ms. Matthews, spousal care following surgery;  Ms. Vanderham, child care).  Rocket does not challenge these showings in any

United States District Court
Northern District of California

meaningful way.  Accordingly, under the circumstances presented in this case, including the unique hardships faced by the identified witnesses and the impending discovery deadline, the Court finds good cause to grant the protective order.  *See Sony Corp. v. Vizio, Inc.*, No. 08-cv-01135-RGK, 2009 WL 10674940, at \*2 (C.D. Cal. Oct. 9, 2009) ("[T]he deposition of a plaintiff, including a corporate plaintiff, its agents and employees, must generally be taken in the forum in which the plaintiff filed suit, unless the plaintiff can show good cause that the deposition should take place at another location." (citations omitted)).  Specifically, the Court **ORDERS** as follows:

- The depositions will take place in person, unless Defendant elects to take any or all of the depositions remotely;
- The deposition of Nelson Ortiz will take place in either Houston or Atlanta, at Defendant's election;
- The deposition of Helen Matthews will take place within 50 miles of her residence at a location of Defendant's choosing;
- The deposition of Jami Vanderham will take place in either Ames or Des Moines, Iowa, at Defendant's election.
- The Parties are to meet and confer within 24 hours of receipt of this Order, in person or by video, to confirm dates and locations of the depositions.

**SO ORDERED.**

Dated: October 10, 2023

_____

SUSAN VAN KEULEN
United States Magistrate Judge