# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BOLD LIMITED, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>ROCKET RESUME, INC., et al.,<br><br>            Defendants. | Case No.  22-cv-01045-BLF<br><br>**ORDER REGARDING SEALING MOTIONS IN CONNECTION WITH BRIEFING ON MOTION TO DISQUALIFY COUNSEL**<br><br>[Re:  ECF No. 130, 131, 132, 155, 163] |

Before the Court are the parties' sealing motions relating to the briefing on Plaintiff Bold Limited's motion to disqualify counsel.  *See* ECF No. 130, 131, 132, 155, 163.  The Court has considered the motions, and its rulings are laid out below.

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party.  *Id.*  Any party can file a response to that declaration within four days.  Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

The Court finds that a motion to disqualify counsel is only tangentially related to the merits of the case and will therefore apply the "good cause" standard to the sealing motions below.  *See Ctr. for Auto Safety*, 809 F.3d at 1097; *accord WhatsApp Inc. v. NSO Grp. Techs. Ltd.,* No. 19-CV-07123-PJH, 2020 WL 7133773, at *9 (N.D. Cal. June 16, 2020).

**A.  Plaintiff Bold Limited's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Motion to Disqualify Counsel (ECF No. 130)**

On November 10, 2023, Bold filed an administrative motion to consider whether another party's material should be sealed, identifying its motion to disqualify counsel, a declaration in support of that motion, and two exhibits as containing information designated as "confidential" or "highly confidential" by Defendants Rocket Resume, Inc., and Stephen Zimmerman.  ECF No. 130 at 1.  As of the date of this Order, Defendants have not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3).  *See, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31, 2022) (denying motions to seal because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 130-2 | Bold Limited's Notice of Motion and Motion to Disqualify Alston & Bird LLP; Memorandum of Points & Authorities | Highlighted portions at 3:14-16, 3:18-21 | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 130-3 | Declaration of Tara D. Elliott ("Elliott Decl.") | Highlighted portions at 1:25-28. | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 130-4 | Elliott Decl. Ex. B | Entire document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 130-5 | Elliott Decl. Ex. D | Entire document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

The above denials are WITHOUT PREJUDICE to Defendants filing a statement and/or declaration in support of sealing these documents. The Court notes that requests to seal must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### B. Plaintiff Bold Limited's Administrative Motion to Consider Whether a Third Party's Material Should Be Sealed in Connection with Its Motion to Disqualify Counsel (ECF No. 131)

On November 10, 2023, Bold filed an administrative motion to consider whether a third-party's material should be sealed, identifying exhibit C in support of its motion to disqualify counsel as containing information designated as "confidential" by third party Jeffrey Stone. *See* ECF No. 131 at 1. Bold also served the motion on Stone's attorney. *See* ECF No. 133 at 2. As of the date of this Order, Stone has not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 131-2 | Elliott Decl. Ex. C | Entire document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

The above denial is WITHOUT PREJUDICE to Stone filing a statement and/or declaration in support of sealing this document. The Court notes that requests to seal must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### C. Plaintiff Bold Limited's Administrative Motion to File Under Seal in Connection with Its Motion to Disqualify Counsel (ECF No. 131)

Bold filed an administrative motion to file under seal its motion to disqualify counsel and certain declarations and exhibits in support of the motion. ECF No. 131. Bold argues that good cause exists to seal information in these documents including "Bold's non-public, confidential internal business information . . . [and] public disclosure of this highly sensitive information would cause competitive harm to Bold." *Id.* at 2. In particular, these documents contain information relating to Bold's business model, corporate organization, business transactions, and finances. *Id.* No party has filed an opposition to Bold's sealing motion.

Good cause exists to seal confidential business information, including non-public information about a company's business strategy, business transactions, and corporate structure. *See Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding sealable non-public information concerning business transactions, corporate structure, and settlement agreements under the more stringent compelling reasons standard); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV-07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (finding compelling reasons to seal non-public information related to a company's business model); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds good cause to seal the information identified in the highlighted portions of Bold's motion to disqualify counsel and the two declarations as well as the entirety of Exhibits A and B to the Lopez Declaration and Exhibit H to the Elliott Declaration. These exhibits discuss non-public information about Bold's corporate structure and business transactions, which if released would cause Bold competitive harm. The Court further finds that Bold's requests to seal these documents are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). However, the Court finds that Bold's request to seal the entirety of Exhibit K is not narrowly tailored.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |

4

| | | | |
|---|---|---|---|
| 132-3 | Bold Limited's Notice of Motion and Motion to Disqualify Alston & Bird LLP; Memorandum of Points & Authorities | Highlighted portions at 2:17-18, 4:21-23, 7:21-22. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 132-4 | Declaration of Sofia Lopez ("Lopez Decl.") | Highlighted portion at 2:2-5. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 132-5 | Lopez Decl. Ex. A | Entire document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 132-6 | Lopez Decl. Ex. B | Entire document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 132-7 | Declaration of Tara D. Elliott ("Elliott Decl.") | Highlighted portion at 3:13-14. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 132-8 | Elliott Decl. Ex. H | Entire document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 132-9 | Elliott Decl. Ex. K | Entire document | DENIED as not narrowly tailored. |

The above denial is WITHOUT PREJUDICE to Bold filing a renewed motion to seal Exhibit K that includes narrow redactions.

  **D. Defendants Rocket Resume, Inc. and Stephen Zimmerman's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Their Opposition to Bold's Motion to Disqualify Counsel (ECF No. 155)**

  Rocket Resume and Zimmerman filed an administrative motion to consider whether another party's material should be sealed, identifying Exhibit C to the Cox Declaration in support of their opposition to Bold's motion to disqualify counsel as containing information designated as "highly confidential" by Bold Limited.  ECF No. 155 at 2.

1    Bold filed a statement in support of the motion.  ECF No. 161.  Bold requests that the
2 entirety of Exhibit C remain under seal.  Bold states that the exhibit consists of Bold's responses
3 and objections to certain interrogatories propounded by Defendants, and that these responses
4 contain non-public information about Bold's intercompany licensing relationships and brand
5 ownership strategies.  *Id.* ¶ 4.  No party has filed an opposition to Bold's statement.
6    As stated above, good cause exists to seal confidential business information, including
7 confidential information about a company's business transactions and its business model.  *See*
8 *Droplets*, 2019 WL 9443777, at *3; *Unlockd Media*, 2022 WL 4624985, at *2; *In re Elec. Arts*,
9 298 F. App'x at 569.  Although the Court good cause to seal some information in Exhibit C, such
10 as specific non-public information about Bold's business transactions and business model, the
11 Court finds that Bold's request to seal the entire document is not "narrowly tailored to seal only
12 the sealable material."  Civ. L.R. 79-5(c)(3).
13    The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 155-1 | Cox Decl. Ex. C | Entire document | DENIED as not narrowly tailored. |

The above denial is WITHOUT PREJUDICE to Bold filing a renewed statement and/or declaration in support of sealing this document that includes narrow redactions.

**E.    Plaintiff Bold Limited's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Reply in Support of Its Motion to Disqualify Counsel (ECF No. 163)**

On December 1, 2023, Bold filed an administrative motion to consider whether another party's material should be sealed, identifying a declaration and an exhibit in support of its reply as containing information designated as "highly confidential" by Rocket Resume and Zimmerman. ECF No. 163 at 1.  As of the date of this Order, Defendants have not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 163-2 | Declaration of Tara D. Elliott in Support of | Entire document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

6

|  | Bold Limited's Reply ("Elliott Reply Decl.") |  |  |
|---|---|---|---|
| 163-3 | Elliott Reply Decl. Ex. A | Entire document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

The above denials are WITHOUT PREJUDICE to Defendants filing a statement and/or declaration in support of sealing these documents. The Court notes that requests to seal must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Bold Limited's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Motion to Disqualify Counsel (ECF No. 130) is DENIED. Defendants may file a statement and/or declaration in support of sealing within 10 days of the date of this Order.

2. Plaintiff Bold Limited's Administrative Motion to Consider Whether a Third Party's Material Should Be Sealed in Connection with Its Motion to Disqualify Counsel (ECF No. 131) is DENIED. Third party Jeffrey Stone may file a statement and/or declaration in support of sealing within 10 days of the date of this Order.

3. Plaintiff Bold Limited's Administrative Motion to File Under Seal in Connection with Its Motion to Disqualify Counsel (ECF No. 131) is GRANTED IN PART and DENIED IN PART. Bold may file a renewed motion to seal Exhibit K to the Elliott Declaration within 10 days of the date of this Order.

4. Defendants Rocket Resume, Inc. and Stephen Zimmerman's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Their Opposition to Bold's Motion to Disqualify Counsel (ECF No. 155) is DENIED. Bold may file a renewed statement and/or declaration in support of sealing within 10 days of the date of this Order.

5. Plaintiff Bold Limited's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Reply in Support of Its Motion to Disqualify Counsel (ECF No. 163) is DENIED. Defendants may file a statement and/or

1  declaration in support of sealing within 10 days of the date of this Order.

3  Dated: January 3, 2024

*[signature]*

BETH LABSON FREEMAN
United States District Judge