UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOLD LIMITED, et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>ROCKET RESUME, INC., et al., <br><br>　　　　Defendants. | Case No. 22-cv-01045-BLF <br><br>**ORDER REGARDING SEALING MOTIONS IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT AND MOTION TO PRECLUDE DAMAGES THEORY** <br><br>[Re: ECF No. 201, 202, 206, 209, 210, 217, 218] |

Before the Court are the parties' sealing motions in connection with Defendants Rocket Resume, Inc., and Stephen Zimmerman's motion for summary judgment and motion to preclude damages theory. ECF Nos. 201, 202, 206, 209, 210, 217, and 218. The Court has considered the motions, and its rulings are laid out below.

I.   **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a

1  document under seal, including an explanation of: (i) the legitimate private or public interests that
2  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
3  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
4  requires the moving party to provide "evidentiary support from declarations where necessary."
5  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
6  material." Civ. L.R. 79-5(c)(3).

7  Further, when a party seeks to seal a document because it has been designated as
8  confidential by another party, the filing party must file an Administrative Motion to Consider
9  Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
10 party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
11 party who designated the material as confidential must, within seven days of the motion's filing,
12 file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
13 5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing
14 of the provisionally sealed document without further notice to the designating party. *Id.* Any
15 party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the motions to seal pertain to a motion for summary judgment and motion to preclude damages theory, the Court will apply the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1177. The Court will address each motion in turn.

### A. Defendants' Administrative Motions to Consider Whether Another Party's Material Should be Sealed in Connection with Their Motion to Preclude Damages Theory (ECF Nos. 201, 209)

Defendants filed an administrative motion to consider whether another party's material should be sealed in connection with their motion to preclude damages theory. ECF No. 201. Defendants have identified portions of their motion to preclude damages theory and certain exhibits in support of that motion as containing information designated by Plaintiff Bold Limited as "highly confidential." *Id.* at 2. Defendants later amended their motion to modify the redactions to the motion to preclude damages theory. ECF No. 209. Bold filed a statement in support of sealing that states that these documents contain confidential information "concerning Bold's

finances, internal competitive metrics, internal business strategies, and nonpublic corporate structure." ECF No. 215 ¶ 4. Bold also seeks to seal only narrow redactions to the documents. *Id.* ¶ 3. No party has filed an opposition to Bold's statement.

Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances. *See Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public information concerning business transactions, corporate structure, and settlement agreements under the more stringent compelling reasons standard); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV-07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (finding compelling reasons to seal non-public information related to a company's business model); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds compelling reasons to seal the information identified in the highlighted portions proposed by Bold of Defendants' motion to preclude damages theory and the exhibits listed in the table below. These documents discuss non-public information about Bold's corporate structure and finances, which if released would cause Bold competitive harm. The Court further finds that Bold's requests to seal these documents are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 215-1 | Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's | Highlighted Portions | GRANTED as containing confidential business information, the release of which |

3

|  | | | |
|---|---|---|---|
|  | Motion to Preclude Damages Theory | | would cause a party competitive harm. |
| 215-2 | Ex. D to the Declaration of Joseph A. Gorman in Support of Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 215-3 | Ex. E to the Declaration of Joseph A. Gorman in Support of Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 215-4 | Ex. G to the Declaration of Joseph A. Gorman in Support of Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 215-5 | Ex. H to the Declaration of Joseph A. Gorman in Support of Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 215-6 | Ex. I to the Declaration of Joseph A. Gorman in Support of Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 215-7 | Ex. J to the Declaration of Joseph A. Gorman in Support of Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

| | to Preclude Damages Theory | | |

### B. Defendants' Administrative Motion to File Under Seal in Connection with Their Motion to Preclude Damages Theory (ECF No. 202)

Defendants have filed an administrative motion to file under seal that seeks to seal highlighted portions of their motion to preclude damages theory and certain exhibits in support of that motion. ECF No. 202. Defendants argue that this information should be kept under seal because "[t]hese documents contain commercially sensitive information concerning [Defendants'] finances, customers and subscribers, and internal business operations and strategies, which could cause [Defendants] significant competitive harm if made public." *Id.* at 4. No party has filed an objection to the motion.

As stated above, compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances. *See Droplets*, 2019 WL 9443777, at *3; *Unlockd Media, Inc. Liquidation Tr.*, 2022 WL 4624985, at *2; *In re Google Location Hist. Litig.*, 514 F.Supp.3d at 1162; *Microsoft*, 2023 WL 5186252, at *5; *In re Elec. Arts*, 298 F.App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of Defendants' motion to preclude damages theory and the exhibits listed in the table below. These documents discuss non-public information about Defendants' business operations and finances, which if released would cause Defendants competitive harm. The Court further finds that Defendants' requests to seal these documents are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 202-3 | Rocket's Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 202-4 | Ex. D to the Declaration of Joseph A. Gorman in Support of Defendants Rocket | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive |

5

| | | | |
|---|---|---|---|
| | Resume, Inc.'s and Stephen Zimmerman's Motion to Preclude Damages Theory | | harm. |
| 202-5 | Ex. H to the Declaration of Joseph A. Gorman in Support of Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 202-6 | Ex. I to the Declaration of Joseph A. Gorman in Support of Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

Because the motions at ECF Nos. 201, 202, and 209 and the corresponding statement at ECF No. 215 seek to seal overlapping documents, the Court ORDERS Defendants to consolidate the redactions identified at ECF Nos. 202 and 215 that the Court has approved and file redacted versions of their motion to preclude damages theory and Exhibits D, E, G, H, I, and J on the public docket within 7 days of the date of this Order.

### C. Defendants' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed in Connection with Their Motion for Summary Judgment (ECF Nos. 206, 210)

Defendants filed an administrative motion to consider whether another party's material should be sealed in connection with their motion for summary judgment. ECF No. 206. Defendants have identified portions of their motion for summary judgment and certain exhibits in support of that motion as containing information designated by Bold as "highly confidential." *Id.* at 2. Defendants later amended their motion to modify the redactions to the motion for summary judgment. ECF No. 210. Bold filed a statement that requests that highlighted portions of Defendants' motion for summary judgment and Exhibit E as well as the entirety of Exhibits A and D remain under seal because those documents include information "concerning Bold's internal business practices, finances, internal competitive metrics, internal business strategies, and

6

nonpublic corporate structure." ECF No. 219 ¶ 4. Bold does not seek to seal the remainder of the exhibits identified in Defendants' motion. *Id.* ¶ 3. No party has filed an opposition to Bold's statement.

As stated above, compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances. *See Droplets*, 2019 WL 9443777, at *3; *Unlockd Media, Inc. Liquidation Tr.*, 2022 WL 4624985, at *2; *In re Google Location Hist. Litig.*, 514 F.Supp.3d at 1162; *Microsoft*, 2023 WL 5186252, at *5; *In re Elec. Arts*, 298 F.App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions proposed by Bold of Defendants' motion for summary judgment and Exhibit E. These documents discuss non-public information about Bold's corporate structure and finances, which if released would cause Bold competitive harm. The Court further finds that Bold's requests to seal these documents are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). However, Bold's request to seal the entirety of Exhibits A and D (an expert report and a set of interrogatory responses) is not narrowly tailored because there are not compelling reasons to seal all of the information in these documents.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 219-1 | Defendants Rocket Resume, Inc.'s and Stephen Zimmerman's Motion for Summary Adjudication | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 206-3 | Ex. A to the Declaration of Christina Myrold in support of Defendants' Motion for Summary Adjudication | Entire Document | DENIED as not narrowly tailored. |
| 206-4 | Ex. D to the Declaration of Christina Myrold in support of Defendants' Motion for Summary Adjudication | Entire Document | DENIED as not narrowly tailored. |

| | | | |
|---|---|---|---|
| 219-2 | Ex. E to the Declaration of Christina Myrold in support of Defendants' Motion for Summary Adjudication | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 206-6 | Ex. F to the Declaration of Christina Myrold in support of Defendants' Motion for Summary Adjudication | Entire Document | DENIED because Bold represents that the document need not be sealed. |
| 206-7 | Ex. G to the Declaration of Christina Myrold in support of Defendants' Motion for Summary Adjudication | Entire Document | DENIED because Bold represents that the document need not be sealed. |
| 206-8 | Ex. H to the Declaration of Christina Myrold in support of Defendants' Motion for Summary Adjudication | Entire Document | DENIED because Bold represents that the document need not be sealed. |
| 206-8 | Ex. I to the Declaration of Christina Myrold in support of Defendants' Motion for Summary Adjudication | Entire Document | DENIED because Bold represents that the document need not be sealed. |

The above denials are WITHOUT PREJUDICE to Bold filing a renewed statement in support of sealing Exhibits A and D that includes narrow redactions. The Court ORDERS Defendants to file redacted versions of their motion for summary judgment and Exhibit E and unredacted versions of Exhibits F, G, H, and I on the public docket within 7 days of the date of this Order.

**D.     Plaintiff's Administrative Motion to File Under Seal in Connection with Its Opposition to Defendants' Motion to Preclude Damages Theory (ECF No. 217)**

Plaintiff has filed an administrative motion to file under seal that seeks to seal highlighted portions of its opposition to Defendants' motion to preclude damages theory and certain exhibits in support of that opposition. ECF No. 217. Bold argues that these documents contain information "relating to Bold's business model, corporate organization, business transactions, and finances." *Id.* at 2. No party has filed an objection to the motion.

As stated above, compelling reasons exist to seal confidential business information,

including non-public information about a company's business strategy, business transactions, corporate structure, and finances. *See Droplets*, 2019 WL 9443777, at *3; *Unlockd Media, Inc. Liquidation Tr.*, 2022 WL 4624985, at *2; *In re Google Location Hist. Litig.*, 514 F.Supp.3d at 1162; *Microsoft*, 2023 WL 5186252, at *5; *In re Elec. Arts*, 298 F.App'x at 569.

The Court finds compelling reasons to seal the information identified in the Bold's opposition and Exhibits L, M, N, O, P, Q, R, S, and T. These documents discuss non-public information about Bold's business operations and finances, which if released would cause Bold competitive harm. The Court further finds that Bold's requests to seal these documents are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). However, Bold's request to seal the entirety of Exhibit J is not narrowly tailored because there are not compelling reasons to seal all of the information in this document.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 217-3 | Bold's Opposition to Defendants' Motion to Preclude Damages Theory | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 217-4 | Victorson Decl. Ex. J | Entire Document | DENIED as not narrowly tailored. |
| 217-5 | Victorson Decl. Ex. L | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 217-6 | Victorson Decl. Ex. M | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 217-7 | Victorson Decl. Ex. N | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 217-8 | Victorson Decl. Ex. O | Highlighted Portions | GRANTED as containing confidential business information, the release of which |

| | | | |
|---|---|---|---|
| | | | would cause a party competitive harm. |
| 217-9 | Victorson Decl. Ex. P | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 217-10 | Victorson Decl. Ex. Q | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 217-11 | Victorson Decl. Ex. R | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 217-12 | Victorson Decl. Ex. S | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 217-13 | Victorson Decl. Ex. T | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

The above denial as to Exhibit J is WITHOUT PREJUDICE to Bold filing a renewed statement in support of sealing that includes narrow redactions.

### E. Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Opposition to Defendants' Motion to Preclude Damages Theory (ECF No. 218)

Bold filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to Defendants' motion to preclude damages theory. ECF No. 218. Bold has identified portions of its opposition and certain exhibits in support of the opposition as containing information designated by Defendants as "highly confidential." *Id.* at 2. Defendants filed a statement that requests that highlighted portions of the Exhibits M, P, Q, and R and the entirety of Exhibit T remain under seal because:

> These materials contain commercially sensitive, highly confidential, nonpublic, and closely guarded information regarding: (1) Rocket's finances, financial records, and business transactions; (2) Rocket's subscribers and customer information; (3) Rocket's internal business

10

operations and strategies; and (4) Rocket's internal competitive metrics and the internal strategies Rocket uses to evaluate its competitive position in the market.

ECF No. 229 ¶ 5. Defendants do not seek to seal Bold's opposition. *Id.* ¶ 3. No party has filed an opposition to Defendants' statement.

As stated above, compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances. *See Droplets*, 2019 WL 9443777, at *3; *Unlockd Media, Inc. Liquidation Tr.*, 2022 WL 4624985, at *2; *In re Google Location Hist. Litig.*, 514 F.Supp.3d at 1162; *Microsoft*, 2023 WL 5186252, at *5; *In re Elec. Arts*, 298 F.App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions proposed by Defendants of Bold's opposition and Exhibits M, P, Q, and R. These documents discuss non-public information about Defendants' business operations and finances, which if released would cause Defendants competitive harm. The Court further finds that Defendants' requests to seal these documents are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). However, Bold's request to seal the entirety of Exhibit T is not narrowly tailored because there are not compelling reasons to seal all of the information in this document.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 218-2 | Bold's Opposition to Defendants' Motion to Preclude Damages Theory | Highlighted Portions | DENIED because Defendants represent that the document need not be sealed. |
| 229-1 | Victorson Decl. Ex. M | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 229-2 | Victorson Decl. Ex. P | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 229-3 | Victorson Decl. Ex. Q | Highlighted | GRANTED as containing |

11

| | | Portions | confidential business information, the release of which would cause a party competitive harm. |
|---|---|---|---|
| 229-4 | Victorson Decl. Ex. R | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 218-7 | Victorson Decl. Ex. T | Entire Document | DENIED as not narrowly tailored. |

Because the motions at ECF Nos. 217 and 218 and the corresponding statement at ECF No. 229 seek to seal overlapping documents, the Court ORDERS Bold to consolidate the redactions identified at ECF Nos. 217 and 229 that the Court has approved and file redacted versions of their opposition and Exhibits L, M, N, O, P, Q, R, and S on the public docket within 7 days of the date of this Order. The above denial as to Exhibit T is WITHOUT PREJUDICE to Defendants filing a renewed statement in support of sealing that includes narrow redactions.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' Administrative Motions to Consider Whether Another Party's Material Should be Sealed in Connection with Their Motion to Preclude Damages Theory (ECF Nos. 201, 209) are GRANTED.

2. Defendants' Administrative Motion to File Under Seal in Connection with Their Motion to Preclude Damages Theory (ECF No. 202) is GRANTED.

    a. Defendants SHALL consolidate the redactions identified at ECF Nos. 202 and 215 that the Court has approved above and file redacted versions of their motion to preclude damages theory and Exhibits D, E, G, H, I, and J on the public docket within 7 days of the date of this Order.

3. Defendants' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed in Connection with Their Motion for Summary Judgment (ECF Nos. 206, 210) are GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT PREJUDICE IN PART.

    a. Defendants SHALL file redacted versions of their motion for summary

1  judgment and Exhibit E and unredacted versions of Exhibits F, G, H, and I on
2  the public docket within 7 days of the date of this Order.
3     b. Bold may file a renewed statement in support of sealing Exhibits A and D
4        within 7 days of the date of this Order.
5  4. Plaintiff's Administrative Motion to File Under Seal in Connection with Its
6  Opposition to Defendants' Motion to Preclude Damages Theory (ECF No. 217) is GRANTED IN
7  PART and DENIED WITHOUT PREJUDICE IN PART.
8     a. Bold may file a renewed motion to seal Exhibit J within 7 days of the date of
9        this Order.
10 5. Plaintiff's Administrative Motion to Consider Whether Another Party's Material
11 Should Be Sealed in Connection with Its Opposition to Defendants' Motion to Preclude Damages
12 Theory (ECF No. 218) is GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT
13 PREJUDICE IN PART.
14    a. Bold SHALL consolidate the redactions identified at ECF Nos. 217 and 229
15       that the Court has approved and file redacted versions of their opposition and
16       Exhibits L, M, N, O, P, Q, R, and S on the public docket within 7 days of the
17       date of this Order.
18    b. Defendants may file a renewed statement in support of sealing Exhibit T within
19       7 days of the date of this Order.

Dated: March 27, 2024

_____
BETH LABSON FREEMAN
United States District Judge